IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | C O M P LAI N T |
| BASIC ENERGY SERVICES, L.P. | ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights of 1991, as amended, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Tawnya Smith (formerly known as Tawnya S. Bell), who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7 through 10 below, Defendant Basic Energy Services, L.P. discriminated against Tawnya Smith in violation of Title VII by denying her a promotion because of her gender, subjecting her to sexual harassment by her immediate supervisor, and terminating her employment in retaliation for her filing an EEOC charge and/or making an internal complaint about sex discrimination.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 f (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. Venue is proper in this Court under 28 U.S.C. § 1391 and Section 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).  The employment practices alleged to be unlawful were committed within the district of this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 f (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Basic Energy Services, L.P. (hereafter referred to as the "Defendant" or  the "Employer"), is a Delaware partnership and has continuously been doing business in the State of Louisiana, the town of Sibley, Louisiana and this District, and has continuously had at least 15 employees.

5. At all relevant times, the Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tawnya Smith (while then known as Tawnya S. Bell) filed a charge with the Commission alleging violations of Title VII by the Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From at least September 2006 through March 29, 2007, the Employer engaged in unlawful employment practices at its Sibley, Louisiana facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).

8.     The Employer's unlawful employment practices included its denial of a rightful promotion of Tawnya Smith to a supervisor position at the Employer's Sibley facility after she had been recommended for such promotion by the Employer's field managers on or about August 23, 2006.  As a result of this promotion denial Ms. Smith submitted to the EEOC an executed charge questionnaire (EEOC form 183) and an EEOC Supplemental Intake Questionnaire, both of which were executed under oath, on October 23, 2006.  These written declarations of discrimination were deemed by the EEOC's New Orleans Field Office to constitute an EEOC charge of discrimination; and accordingly, notice of Ms. Smith's charge was sent to the Employer's Sibley facility on or about November 27, 2008.

9.     The Employer's unlawful employment practices also included the sexual harassment of Tawnya Smith by her immediate line supervisor, the Employer's former Yard Manager Roger Caldwell.  For several months Mr. Caldwell, repeatedly subjected Tawnya Smith to unwelcome sexual advances and propositions, all of which she rebuffed.  The harassment included, among other things, Mr. Caldwell: repeatedly calling Ms. Smith into his office and directing her to turn around so that he could observe her buttocks; asking her to expose her breasts; repeatedly commenting about her body and her clothing; making numerous unsolicited calls to her cell phone to converse about non-work-related matters; and telling her that he "loved her," "would take care of her" should anything ever happen to his wife; and asked her to be his "secret lover."  Mr. Caldwell's harassment of Ms. Smith continued although she clearly informed Mr. Caldwell that she considered his advances and propositions to be unwelcome.  On or about January 22, 2007 Ms. Smith complained about Mr. Caldwell's sexual harassment of her to the Employer's managers. She also spoke with Respondent's human resource official about the sexual harassment complaint and her promotion denial, including the fact that she had submitted an EEOC questionnaire, detailing her allegation of gender-based discrimination with respect to

her denial of a promotion. As a result, this same human resource official conducted a delayed, brief investigation into Ms. Smith's allegations about sexual harassment and gender-based promotion denial, which essentially produced inconclusive results and no substantively responsive or correction action taken.  Shortly thereafter, this same human resource official investigated Ms. Smith after receiving a verbal complaint by telephone to her home from a disgruntled, male co-worker of Ms. Smith's at the Sibley facility.  This investigation resulted in the Employer's ostensible basis for discrediting Ms. Smith and retaliating and/or sanctioning retaliation against Ms. Smith (despite the fact that Ms. Smith had produced evidence which apparently caused the Employer to eventually terminate Mr. Caldwell and should have caused the Employer to question the motivations of the complaining co-worker) -- the purported violation of multiple workplace policies and "disruption" in the workplace by Ms. Smith herself.

10.    The Employer's unlawful employment practices also included its retaliatory termination of Tawnya Smith's employment on March 26, 2007 because of her internal complaint about Mr. Caldwell's sexual harassment of her and/or the filing of her EEOC charge (which was later served upon the Employer's human resource official in May 2007 as an EEOC Form 5 that included Ms. Smith's sexual harassment and retaliatory termination claims in addition to her promotion-denial claim).

11.    The effect of the unlawful practices complained of in paragraphs 7 through 10 above has been to deprive Tawnya Smith of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

12.    The unlawful employment practices complained of in paragraphs 7 through 10 above were intentional.

13.     The unlawful employment practices complained of in paragraphs 7 through 10 above were done with malice or with reckless indifference to the federally protected rights of Tawnya Smith.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in any employment practice which discriminates based on gender and retaliation in violation of Title VII.

B.     Order the Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order the Employer to make whole Tawnya Smith, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and concomitant rightful-place promotion of Tawnya Smith or front pay in lieu of reinstatement and concomitant rightful-place promotion of Tawyna Smith.

D.     Order the Employer to make whole Tawnya Smith, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 10 above, in amounts to be determined at trial.

  E. Order the Employer to pay Tawnya Smith punitive damages for its malicious and reckless conduct described in paragraphs 7 through 10 above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

JURY TRIAL DEMAND

  The Commission requests a jury trial on all questions of fact raised by its complaint.

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**JIM SACHER**
Regional Attorney
La. Bar Roll No. 14888
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
HOUSTON DISTRICT OFFICE
Mickey Leland Federal Building
1919 Smith Street
7th Floor
Houston, Texas 77002-8049
Tel: (713)-209-3398
Telefax: (713)-209-3402

*//S// N. ELEANOR GRAHAM*
**N. ELEANOR GRAHAM, T.A.**
Senior Trial Attorney
La. Bar Roll No. 16946
**Michelle Butler**
Senior Trial Attorney
La. Bar Roll No. 1286
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, LA 70112
Tel: (504) 595-2875 (Graham)

        Fax: (504) 595-2886
        **COUNSEL FOR PLAINTIFF**
        **U.S. EQUAL EMPLOYMENT OPPORTUNITY**
        **COMMISSION**

**Service through:**

**CT Corporation System**
**5615 Corporate Blvd.**
**Suite 400B**
**Baton Rouge, LA  70808**